UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| ANDREW WORLEY, | |
|---|---|
| Plaintiff, | Civil Action No. _____ |
| v. | |
| JAY DANA LLC, d/b/a HAMPTON INN - PINE GROVE, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff, ANDREW WORLEY (hereinafter "Plaintiff"), for his Complaint against JAY DANA LLC, d/b/a Hampton Inn - Pine Grove (hereinafter "Defendant"), states as follows:

**Parties, Jurisdiction, and Venue**

1. Plaintiff, Andrew Worley, is a resident of 940 Frystown Road, Fredericksburg, Lebanon County, Pennsylvania and was employed by Defendant at the Hampton Inn - Pine Grove (hereinafter "Hampton Inn"), located at 481 Suedberg Road, Pine Grove, Schuylkill County, Pennsylvania. Mr. Worley is a citizen of the Commonwealth of Pennsylvania.

2. Defendant is a Pennsylvania limited liability company, with a registered office address of 755 North 38th Street, Allentown, Lehigh County,

1

Pennsylvania and, at all times relevant to this Complaint, owned and operated the aforementioned Hampton Inn.

3. The Fair Labor Standards Act of 1938 (hereinafter "FLSA"), 29 U.S.C. § 201 *et seq.*, authorizes court actions by private parties to recover damages for violation of the FLSA's discrimination and antiretaliation provision. Subject matter jurisdiction over Plaintiff's FLSA claims arises under 29 U.S.C. § 215(a)(3).

4. Venue in this Judicial District is proper under 28 U.S.C. § 1391(b) and (c), because Defendant does business in this Judicial District and operates at a location within this Judicial District, and substantial unlawful conduct giving rise to the claim herein asserted occurred in this Judicial District.

**General Allegations**

5. The United States Supreme Court has stated that "The Fair Labor Standards Act of 1938 (Act) sets forth employment rules concerning minimum wages, maximum hours, and overtime pay. 52 Stat. 1060, 29 U.S.C. § 201 *et seq.* The Act contains an antiretaliation provision that forbids employers 'to discharge or in any other manner discriminate against any employee because such employee has *filed any complaint* or instituted or caused to be instituted any proceeding under or related to [the Act], or has testified or is about to testify in such proceeding, or has served or is about to serve on an industry committee. 29 U.S.C. § 215(a)(3) (emphasis added).'" *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1329, 179 L. Ed. 2d 379 (2011).

6. On or about May 2, 2016, Mr. Worley first complained to Defendant, including Defendant's management level employees, that he and other similarly situated employees were required to arrive at work ten (10) to fifteen (15) minutes before the start of his paid shift in order to prepare for that shift, which time would be considered "off the clock" and without pay.

7. Defendant's management informed Mr. Worley that his concerns would be communicated to Defendant's owner and would be addressed by his next scheduled work date, May 5, 2016.

8. On May 4, 2016, Mr. Worley was informed that Defendant would not amend its policy, that Mr. Worley would be terminated immediately, and that he had already been removed from the schedule.

9. Accordingly, on or about May 4, 2016, Plaintiff was terminated by Defendant.

10. As such, Defendant retaliated against Plaintiff in violation of the FLSA, which makes it unlawful for an employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the Act], or has testified or is about to testify in any such proceeding . . . ." 29 U.S.C.A. § 215(a)(3).

## Count I

### Violation of the FLSA

11.  Plaintiff incorporates herein the allegations set forth above.

12.  At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

13.  The FLSA contains, among other things, an antiretaliation provision that makes it unlawful for employers "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the Act], or has testified or is about to testify in any such proceeding . . . ." 29 U.S.C.A. § 215(a)(3).

14.  Defendant violated the FLSA's antiretaliation provision by discriminating and retaliating against Plaintiff as described herein.

15.  As a result of the aforesaid willful violations of the FLSA antiretaliation provision, Plaintiff was wrongfully terminated under the FLSA. Additionally, Plaintiff was subjected to emotional distress, humiliation, ridicule, a loss of self-respect and confidence, and has been subjected to great damage to his career and professional standing.

16.  Accordingly, Defendant is liable under 29 U.S.C. § 216(b) for compensatory damages Plaintiff suffered because of Defendant's actions.

17. Defendant has not acted in good faith or with reasonable grounds to believe that its actions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an additional equal amount permitted by 29 U.S.C. § 216(b).

18. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and expenses, and costs of this action.

19. Defendant's violations of the FLSA were intentional and undertaken with reckless indifference to Plaintiff's right to not be retaliated against for filing a complaint under the FLSA.

20. Accordingly, since § 216(b) of the FLSA allows a 'plaintiff to obtain punitive damages against an employer' who violates the antiretaliation provisions of § 215(a)(3), Plaintiff is entitled to punitive damages under 29 U.S.C. § 216(b) in an amount sufficient to deter Defendant from further retaliation against its employees who assert a complaint under the FLSA. *Marrow v. Allstate Sec. & Investigative Servs., Inc.*, 167 F. Supp. 2d 838, 846 (E.D. Pa. 2001), see also *Rhoades v. Young Women's Christian Ass'n of Greater Pittsburgh*, CIV. A. 09-261, 2009 WL 3319820 (W.D. Pa. Oct. 14, 2009).

21. Alternatively, should this Honorable Court find that Defendant acted in good faith or with reasonable grounds, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

WHEREFORE, Plaintiff, ANDREW WORLEY, demands judgment against Defendant, JAY DANA LLC, d/b/a HAMPTON INN - PINE GROVE, for (1) compensatory damages, (2) liquidated damages, (3) pre-judgment and post-judgment interest as provided by law, (4) attorneys' fees and expenses and costs as provided by law, (5) punitive damages, and (6) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Date: January 25, 2017

Respectfully submitted,

**MCCARTHY WEISBERG CUMMINGS, P.C.**

_____
Stephen T. Mahan (PA Bar # 313550)
smahan@mwcfirm.com

Derrek W. Cummings (PA Bar # 83286)
dcummings@mwcfirm.com

Larry A. Weisberg (PA Bar # 83410)
lweisberg@mwcfirm.com
2041 Herr Street
Harrisburg, PA 17103
Phone: (717) 238-5707
Fax: (717) 233-8133

*Counsel for Plaintiff*